Appeal of **METROPOLITAN THEATRE CO.**            Docket No. 920.

The determination of the Commissioner that the taxpayer and Atlanta Theatre Co. are affiliated is approved.

Submitted March 2, 1925; decided March 25, 1925.

*Joseph P. Bickerton, Jr., Esq.*, for the taxpayer.
*J. Arthur Adams, Esq.*, for the Commissioner.

Before IVINS, KORNER, and MARQUETTE.

### FINDINGS OF FACT.

The taxpayer is a Delaware corporation with principal office in New York City. It is engaged in the business of managing and operating the Metropolitan Theatre in Seattle, Wash. The corporation filed a return of its taxable income for taxation covering the fiscal year ended June 30, 1920. This return was not a consolidated return of the income of the taxpayer and the Atlanta Theatre Co. On audit the Commissioner determined that the two corporations mentioned are affiliated and computed the tax of the taxpayer on that basis. A deficiency in tax resulted from such computation, of which the Commissioner notified the taxpayer by registered letter dated October 8, 1924. The taxpayer appealed from this determination of the Commissioner and filed its petition with this Board on December 4, 1924.

### DECISION.

The determination of the Commissioner is approved.

### OPINION.

KORNER: The taxpayer contended that the Commissioner erred in affiliating it with the Atlanta Theatre Co. for purposes of computation of income and profits tax for the reason that the Atlanta Theatre Co. was, during the taxable period under consideration, a personal service corporation and one not properly to be so affiliated. It was conceded by the taxpayer that if the Atlanta Theatre Co. was *not* a personal service corporation, the determination of the Commissioner in respect of the affiliation was correct.

We have held in the *Appeal of Atlanta Theatre Co.*, 1 B. T. A. 890, that that corporation was not a personal service corporation. It follows that that corporation and this taxpayer should be affiliated.

---

Appeal of **HUNTER MANUFACTURING & COMMISSION CO.**            Docket No. 1344.

Submitted February 26, 1925; decided March 25, 1925.

*H. A. Mihills, C. P. A.*, for the taxpayer.
*Laurence Graves, Esq.*, for the Commissioner.

Before HAMEL, JAMES, STERNHAGEN, and TRAMMELL.

This is an appeal from a deficiency in income and profits tax for the year 1919, asserted by the Commissioner in the sum of $1,901.35. The sole issue concerns the value as of March 1, 1913, of 190 shares of stock of the Jackson Mills, fixed by the Commissioner at $106.41 per share, and claimed by the taxpayer to have been $168.95 per share on that date.

### FINDINGS OF FACT.

The taxpayer is a North Carolina corporation, with its principal office in New York City.

During the year 1911, the taxpayer acquired 190 shares of the common capital stock of the Jackson Mills, a corporation with its principal place of business located at Iva, S. C. Said stock was acquired in exchange for promissory notes theretofore given by the Jackson Mills to the taxpayer of a face value of $19,000.

At the time of said acquisition, Jackson Mills was in financial difficulties and a reorganization of the corporation was in process.

Thereafter, and during the month of December, 1912, the taxpayer received a dividend upon said stock equivalent to $4 per share. No dividends were received by the taxpayer prior to that time and none were received subsequently and prior to March 1, 1913.

The book value of the stock of the Jackson Mills, as of January 1, 1913, was $156.44 per share, and as of October 1, 1913, $180.18 per share. The book value as of December 31, 1911, was $154.26 per share.

The stock of the Jackson Mills was not dealt in upon any stock exchange and no market values were established in a free market at any time about March 1, 1913.

On or about December 2, 1919, the taxpayer sold the said 190 shares of stock of the Jackson Mills at a price of $250 per share.

### DECISION.

The determination of the Commissioner is approved.

---

**Appeal of TOWNSEND LUMBER CO.        Docket No. 830.**

The evidence establishes the worthlessness of debts charged off within the taxable years.

Submitted February 26, 1925; decided March 25, 1925.

*J. Alex Neely, Jr., Esq.*, for the taxpayer.
*Arthur J. Seaton, Esq.*, for the Commissioner.

Before JAMES, STERNHAGEN, and TRUSSELL.

This appeal involves deficiencies in income and profits taxes for the calendar years 1919 and 1920 and originally presented two issues; one as to invested capital, and the other as to the taxpayer's